IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANTHONY BRUCE INGRAM and
DARLENE INGRAM                                                                    PLAINTIFFS

v.                                                    CIVIL ACTION NO. 1:16-cv-00034-GHD-SAA

TREK BICYCLE CORPORATION,
BRIAN PIAZZA d/b/a Bicycle Pacelines                                              DEFENDANTS

<u>MEMORANDUM OPINION GRANTING PLAINIFFS' MOTION TO REMAND AND
DEFENDANTS' AGREED MOTION TO REMAND</u>

Presently before the Court are Plaintiff's motion to remand [10] and Defendants' agreed motion to remand [27] the case *sub judice* to state court. Upon due consideration, the Court finds the motions are well taken.

On October 21, 2015, Plaintiffs filed this action in the Circuit Court of Alcorn County, Mississippi. On February 26, 2016, Defendant Trek Bicycle Corporation removed the action to this Court on the basis of diversity jurisdiction and improper joinder of Defendant Brian Piazza d/b/a Bicycle Pacelines, a Mississippi resident. On March 25, 2016, Plaintiffs filed a motion to remand [10] the case, maintaining that Defendant Brian Piazza d/b/a Bicycle Pacelines was properly joined. Defendants have now filed the present agreed motion to remand [27], wherein they maintain that following remand-related discovery, and particularly the deposition of Defendant Brian Piazza d/b/a Bicycle Pacelines, it became apparent that Plaintiff's motion to remand [10] was correct. Therefore, Defendants confess the Plaintiffs' earlier filed motion to remand [10].

Federal courts are courts of limited jurisdiction. *Epps v. Bexar–Medina–Atascosa Cnties. Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). Subject matter jurisdiction

1

can be raised at any time by any party or *sua sponte* by the district court. *Wachovia Bank, N.A. v. PICC Prop. & Cas. Co.*, 328 F. App'x 946, 947 (5th Cir. 2009) (per curiam). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The removal statute provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The "removal statutes are to be construed strictly against removal and for remand." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996). The party who seeks to remove the case to federal court bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The purported basis of removal in this case, federal diversity jurisdiction, requires complete diversity between all plaintiffs and all defendants and an amount in controversy that exceeds $75,000. *See* 28 U.S.C. § 1332(a).

The Court, finding no remaining dispute relative to the joinder of Defendant Brian Piazza d/b/a Bicycle Pacelines, finds that as that Defendant is a Mississippi citizen and Plaintiffs Anthony Bruce Ingram and Darlene Ingram are both Mississippi citizens, complete diversity of citizenship does not exist between the parties. Because diversity of citizenship is the purported

basis of removal and complete diversity of citizenship is not present, this Court lacks subject-matter jurisdiction over the case.

ACCORDINGLY, Plaintiffs' motion to remand [10] and Defendants' agreed motion to remand [27] are GRANTED; the matter is REMANDED to the Circuit Court of Alcorn County, Mississippi; and this case is CLOSED.

An order in accordance with this opinion shall issue this day.

THIS, the 9th day of June, 2016.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE